IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIAN KAMIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Adrian Kamide brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Diversified Consultants, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce

1

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Adrian Kamide is a resident of the Northern District of Illinois.

10. Defendant Diversified Consultants, Inc., is a Florida corporation that with its place of business at 10550 Deerwood Park Blvd., Jacksonville, FL 32256, It does business in Illinois. Its registered agent and office is Incorp Services Inc., 901 S. Second Street, Suite 201, Springfield, IL 62704.

11. Defendant Diversified Consultants, Inc. operates a collection agency, using the mails and telephone system to collect consumer debts owed to others.

12. Defendants states on a web site that "Diversified Consultants, Inc. is a full-service collection agency . . . " (https://www.dcicollect.com/diversified-consultants-solutions-page/)

13. Defendant Diversified Consultants, Inc. is a debt collector as defined in the FDCPA.

## FACTS

14. Plaintiff is a victim of identity theft. During 2017, someone opened several residential accounts with AT&T and Comcast using plaintiff's identifying information.

15. Plaintiff filled out an ID theft form and filed a police report, and sent them to AT&T and Comcast.

16. In August 2017, plaintiff learned that Diversified Consultants, Inc., had listed the Comcast account with the major credit bureaus.

17. Plaintiff contacted Diversified Consultants, Inc. on or about August 24, 2017 and informed it that the account was fraudulent (Exhibit A).

18. Diversified Consultants, Inc., acknowledged the fraud report (Exhibit B).

19. On August 24, 2017, plaintiff provided Diversified Consultants, Inc., with a fraud affidavit, police reports, and other information (Exhibit C).

20. Between August 24, 2017 and September 8, 2017, Diversified Consultants, Inc., proceeded to report the Comcast account to the Equifax, Experian and Trans Union credit bureaus.

21. Diversified Consultants, Inc., should not have reported the account at all. 15 U.S.C. §1681s-2(a)(6)(B).

22. 15 U.S.C. §1681s-2(a)(6)(B) provides: "If a consumer submits an identity theft report to a person who furnishes information to a consumer reporting agency at the address specified by that person for receiving such reports stating that information maintained by such person that purports to relate to the consumer resulted from identity theft, the person may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the person subsequently knows or is informed by the consumer that the information is correct."

23. As a result, plaintiff suffered actual damages, including:

    a. Diminished credit score;

    b. Expenditure of time and money.

    c. Aggravation and distress.

## COUNT I – FDCPA

24. Plaintiff incorporates paragraphs 1-23.

25. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(8) and 1692e(10) by reporting the identity theft account to the credit bureaus.

26. Section 1692e provides:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of--

    (A) the character, amount, or legal status of any debt; . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i. Statutory damages;

    ii. Actual damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\34505\Pleading\Complaint_Pleading.WPD

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)